IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PIERRE JAMAL BRICKHOUSE, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:23-cv-165-HEH
)
RIDDICK, )
)
Defendant. )

**MEMORANDUM OPINION**
**(Granting Defendant's Motion for Summary Judgment)**

Plaintiff Pierre Jamal Brickhouse ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action on February 23, 2023. Plaintiff contends that Defendant Riddick ("Defendant") violated his rights by conducting multiple, improper cavity searches. (Compl. at 3–5, ECF No. 1.)[1] The matter is before the Court on Defendant's Motion for Summary Judgment (the "Motion," ECF No. 29), filed on January 17, 2024. Defendant has moved for summary judgment, *inter alia*, on the ground that Plaintiff failed to exhaust his administrative remedies. For the reasons set forth below, the Motion will be granted.

**I. STANDARD OF REVIEW**

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment bears the

---

[1] The Court employs the pagination assigned by CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions.

responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former FED. R. CIV. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 252. "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871)) (emphasis omitted). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)

2

(quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* FED. R. CIV. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Defendant asks the Court to dismiss Plaintiff's claims because Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (Mem. in Supp. at 11–12, ECF No. 30.) Because the exhaustion of administrative remedies is an affirmative defense, Defendant bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As relevant here, in support of his Motion, Defendant submitted: (1) a copy of Operating Procedure 866.1, Offender Grievance Procedure (the "Operating Procedure § 866.1," ECF No. 30-4); and (2) a record of Plaintiff's grievances (the "Grievance Report," ECF No. 30-5). Plaintiff has not responded to the Motion.

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motion. All permissible inferences are drawn in favor of Plaintiff.

## II. RELEVANT FACTS

### A. Grievance Procedure at the Virginia Department of Corrections

Operating Procedure § 866.1 requires that, before submitting a Regular Grievance, an inmate must demonstrate that he or she attempted to resolve the issue through the informal complaint process. *See* Operating Procedure § 866.1.I.D.1–4. "The first step in in the informal complaint process is for the offender to discuss their issue with staff for a quick resolution." *Id.* § 866.1.I.D.1. If the issue is not resolved verbally, the offender

3

should submit a Written Complaint. *Id.* § 866.1.I.D.2. Prison staff have fifteen (15) days from receipt of a Written Complaint to provide an appropriate written response. *Id.* § 866.1.II.B.4. "If the issue on the Written Complaint is not resolved to the satisfaction of the inmate, or staff fail to provide a written response within 15 days, the inmate may file a Regular Grievance . . . . The Regular Grievance must be placed in the Grievance Mailbox within 30 days of the original incident unless a more restrictive timeframe applies." *Id.* § 866.1.I.D.4 (italics omitted).

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to ensure that it meets the published criteria for acceptance. *Id.* §§ 866.1.III.C.34. "If the Regular Grievance does not meet the intake criteria, staff has two working days from receipt to complete the Intake section on the Regular Grievance [form], indicating the reason for rejection, and to return the Regular Grievance to the offender." *Id.* § 866.1.III.C.5 (italics omitted). "If the offender disagrees with the intake decision, the offender has five days to appeal the decision." *Id.* § 866.1.III.C.6.

### 2. Grievance Review

If the grievance is accepted, within two (2) working days, prison "staff must print and provide the Grievance Receipt to the offender as notification of acceptance." *Id.* § 866.1.III.C.3 (italics omitted). Once the grievance is accepted for review, the Institutional Ombudsman determines the proper course of investigation. *Id.*

§ 866.1.III.D.1. "Within 30 days of issuance of the Grievance Receipt, each accepted grievance must be investigated, reviewed, completed, and the Offender Grievance Response – Level I returned to the inmate unless a continuance is authorized." *Id.* § 866.1.III.F.2.b (italics omitted).

### 3. Grievance Appeals

"The Offender Grievance Response – Level I includes a section for the offender to appeal their grievance response." *Id.* § 866.1.IV.A (italics omitted). The appeal must be submitted within five (5) days of receipt of the Offender Grievance Response. *Id.* § 866.1.IV.B.2. Depending on the issue in the grievance, the appeal is addressed by the Director of Offender Management Services, the Health Services Director, the Superintendent for Education, the Chief of Corrections Operations, or the Regional Administrator. *See id.* §§ 866.1.IV.C.1.a–e.

"The exhaustion requirement is met only when a *Regular Grievance* has been accepted into the grievance process and appealed without satisfactory resolution." *Id.* § 866.1.V.B.

### B. Plaintiff Failed to Exhaust His Administrative Remedies

In his Complaint, Plaintiff contends that, in June 2022, Defendant violated his rights by conducting multiple strip searches and cavity searches of Plaintiff's person. (Compl. at 3–5.) Plaintiff has not filed any grievance related to these events. (*See* Grievance Report at 2.)

5

## III. EXHAUSTION ANALYSIS

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that § 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Bock*, 549 U.S. at 218. Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

Plaintiff has failed to file any grievance related to the events in his Complaint. Accordingly, he has failed to exhaust his administrative remedies. The Motion for

Summary Judgment (ECF No. 29) will be granted. The action will be dismissed without prejudice.

An appropriate Final Order shall accompany this Memorandum Opinion.

/s/

Henry E. Hudson
Senior United States District Judge

Date: May 21, 2024
Richmond, Virginia